RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent. Although the Board of Immigration Appeals’ (BIA) decision was not a model of clarity, it was clear enough to allow meaningful review by this court. I am not particularly troubled by the BIA’s prefatory reference to the clear error standard of review. Indeed, that very reference answers one of the criticisms articulated by the majority — that the BIA failed to mention the Immigration Judge’s (IJ) adverse credibility determination. The BIA’s citation to 8 C.F.R. § 1003.1(d)(3) (providing that the Board views credibility finding for clear error) and Matter of A-S, 21 I. & N. Dec. 1106, 1109 (BIA 1998) (same) is an obvious reference to the standard the BIA applies when it reviews the IJ’s adverse credibility determination. Unlike the majority, I see nothing inappropriate in the BIA articulating the standard of review, determining that the standard has been satisfied and adopting the IJ’s decision.
The majority disposition also mentions the erroneous listing of Armenia as the country of removal and mistaken citation to the Uganda Country Report. However, the Petitioner did not rely on the erroneous listing of Armenia as the country of removal as a basis for relief. Moreover, in addressing the country report citation, Petitioner merely argued that “[i]f the BIA actually considered the Uganda country report” it erred. (Emphases added). But we know that the BIA did not actually consider the Uganda report because the exhibit referenced by the BIA corresponded to the Iran Country Report in the record.
*380 Finally, I disagree that “irreconcilable differences” preclude our reading the BIA’s and IJ’s decisions together. The BIA’s adoption of the IJ’s adverse credibility determination can be reviewed without considering the lack of credible corroborating documents. Indeed, in the very case cited by the majority, Ahmed v. Keisler, 504 F.3d 1183, 1190-91 (9th Cir.2007), we expressly held that where the BIA’s phrasing suggests one standard of review and its analysis of the issue-or lack of analysis-suggests another standard, we look to the IJ’s decision to inform our review.
In this case, the IJ’s adverse credibility determination rested on the discrepancy about whether the Petitioner was hit in the face or in the stomach. Because this discrepancy goes to the heart of the Petitioner’s claim, it supports the adverse credibility determination. See Dhital v. Mukasey, 532 F.3d 1044, 1051 (9th Cir.2008) (holding that substantial evidence supports an adverse credibility determination when there is an inconsistency “concern[ing] events central to his version of why he was persecuted and fled” Iran) (citation omitted).
For these reasons, I would deny the petition.